Michael J. Nuñez, Esq.
Nevada Bar No. 10703
    mnunez@murchisonlaw.com
Bryan J. Ure, Esq.
Nevada Bar No. 11004
    bure@murchisonlaw.com
MURCHISON & CUMMING, LLP
6900 Westcliff Drive, Suite 605
Las Vegas, Nevada  89145
Telephone: (702) 360-3956
Facsimile: (702) 360-3957

Attorneys for Defendant
ADVANTAGE SALES AND MARKETING, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN BROWN, an individual, | CASE NO. 2:15-cv-01964-LDG-CWH |
| Plaintiff, | **DEFENDANT ADVANTAGE SALES AND MARKETING, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| SAM'S WEST, INC.; ADVANTAGE SALES AND MARKETING, LLC; and DOES 1 through 100;, | |
| Defendants. | |

COMES NOW, Defendant ADVANTAGE SALES & MARKETING, LLC. ("Defendant"), by and through its attorneys of record, the law firm of MURCHISON & CUMMING, LLP, and hereby answers the First Amended Complaint of Plaintiff, Kevin Brown, ("Plaintiff") as follows:

### I. GENERAL ALLEGATIONS

1.      Answering Paragraph 1 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

2.      Answering Paragraph 2 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

1

3.      Answering Paragraph 3 of the First Amended Complaint, Defendant admits that it is a foreign limited liability company licensed to do business in Nevada and denies the remaining allegations contained therein.

4.      Answering Paragraph 4 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

5.      Answering Paragraph 5 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

6.      Answering Paragraph 6 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

### FIRST CAUSE OF ACTION

### (Negligence/Premises Liability/Failure to Warn)

7.      Answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendant repeats and re-alleges its answers to Paragraphs 1 through 6 as though fully set forth herein.

8.      Answering Paragraph 8 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

9.      Answering Paragraph 9 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

10.     Answering Paragraph 10, and subsections a. through c., of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

11.     Answering Paragraph 11 of the First Amended Complaint, Defendant denies the allegations contained therein.

DEFENDANT ADVANTAGE SALES AND MARKETING, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

12.     Answering Paragraph 12 of the First Amended Complaint, Defendant denies the allegations contained therein.

13.     Answering Paragraph 13 of the First Amended Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, on the basis, denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     As a first and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that said causes of action fail to state facts sufficient to constitute a cause or causes of action against the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.     As a second and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that Plaintiff has not been damaged by the acts or omissions of the answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

3.     As a third and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that the acts alleged in Plaintiff's First Amended Complaint and the resulting alleged injuries, if any, to Plaintiff, were caused or contributed to by Plaintiff's own negligence, and such negligence was greater than the negligence (which is expressly denied) of the answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4.     As a fourth and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that the injuries and damages,   if any, suffered by Plaintiff herein, were caused by an independent, intervening and superseding event or act, and not by the Defendant's negligence or other actionable conduct, the existence of which is specifically denied.

/ / /

### FIFTH AFFIRMATIVE DEFENSE

5.     As a fifth and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that the damages sustained by Plaintiff, if any, were the result of an unavoidable accident, insofar as Defendant is concerned, and occurred without any negligence, want of care, default, or other breach of duty to Plaintiff on the part of the answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6.     As a sixth and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that the acts alleged in Plaintiff's First Amended Complaint and the resulting alleged injuries and damage to the Plaintiff, if there are any, were caused or contributed to by persons whose own negligence and conduct is attributable to Plaintiff, and such negligence was greater than the negligence, which is expressly denied by the answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7.     As a seventh and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that the injuries and damages,  if any, suffered by Plaintiff herein, were caused by the acts of unknown third persons who were not agents, servants, or employees of the answering Defendant, and who were not acting on behalf of the answering Defendant in any manner or form, and as such, the answering Defendant is not liable in any manner to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

8.     As a eighth and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that the occurrence referred to in the Complaint on file herein, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party over whom the answering Defendant had no control.

### NINTH AFFIRMATIVE DEFENSE

9.     As a ninth and separate affirmative defense to each and every cause of action

4

1  stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that if
2  responsible for Plaintiff's injuries and medical expenses, Defendant is only obligated to the
3  extent that such expenses are reasonable and lawfully incurred.  The answering Defendant
4  denies that the fees for services which Plaintiff seeks reimbursement are either reasonable or
5  lawfully incurred.

6                            **TENTH AFFIRMATIVE DEFENSE**

7          10.    As a tenth and separate affirmative defense to each and every cause of action set
8  forth in Plaintiff's First Amended Complaint, the answering Defendant alleges that Plaintiff could
9  have, by the exercise of reasonable diligence, limited or prevented his damages, if any, as a
10  result of the transactions alleged in the Plaintiff's First Amended Complaint, and that Plaintiff
11  has failed or refused to do so.  Such failure or refusal on the part of Plaintiff constitutes a failure
12  to mitigate his damages.

13                          **ELEVENTH AFFIRMATIVE DEFENSE**

14          11.    As an eleventh and separate affirmative defense to each and every cause of
15  action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that by
16  virtue of Plaintiff's own wrongful, negligent, or otherwise improper conduct, Plaintiff is estopped
17  from asserting any claims against the answering Defendant.

18                           **TWELFTH AFFIRMATIVE DEFENSE**

19          12.    As a twelfth and separate affirmative defense to each and every cause of action
20  stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that Plaintiff
21  knowingly, intentionally, and voluntarily waived or released, either expressly or implicitly, the
22  causes of action and claims for relief alleged in Plaintiff's Complaint.

23                         **THIRTEENTH AFFIRMATIVE DEFENSE**

24          13.    As a thirteenth and separate affirmative defense to each and every cause of
25  action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that
26  Plaintiff's action is barred under the equitable doctrine of unclean hands.

27                        **FOURTEENTH AFFIRMATIVE DEFENSE**

28          14.    As a fourteenth and separate affirmative defense to each and every cause of

1 action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that

2 Plaintiff's action is barred under the equitable doctrine of laches.

3                          **FIFTEENTH AFFIRMATIVE DEFENSE**

4        15.     As a fifteenth and separate affirmative defense to each and every cause of action

5 stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that Plaintiff's

6 claims for relief are precluded by the applicable statutes of repose / limitations.

7                          **SIXTEENTH AFFIRMATIVE DEFENSE**

8        16.     As a sixteenth and separate affirmative defense to each and every cause of action

9 stated in Plaintiff's First Amended Complaint, the answering Defendant hereby incorporates by

10 reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil

11 Procedure, as if fully set forth herein.

12                         **SEVENTEENTH AFFIRMATIVE DEFENSE**

13       17.     As a seventeenth and separate affirmative defense to each and every cause of

14 action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that

15 Plaintiff's First Amended Complaint does not describe the claims made against the answering

16 Defendant with sufficient particularity to enable this answering Defendant to determine all of its

17 applicable defenses.  The answering Defendant hereby reserve their rights to assert any and all

18 additional defenses once the precise nature of the claims are ascertained.

19                         **EIGHTEENTH AFFIRMATIVE DEFENSE**

20       18.     As an eighteenth and separate affirmative defense to each and every cause of

21 action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that

22 Plaintiff has failed to name each party necessary for full and adequate relief essential in this

23 action.

24                         **NINETEENTH AFFIRMATIVE DEFENSE**

25       19.     As a nineteenth and separate affirmative defense, any allegations not otherwise

26 responded to are generally, and specifically denied.

27 / / /

28 / / /

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     As a twentieth and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that Plaintiff knowingly, intelligently and voluntarily assumed the risk of loss, damage and/or injury of which Plaintiff complains, and Plaintiff is therefore barred from recovery for such loss, damage and/or injury.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21     As a twenty-first and separate affirmative defense to each and every cause of action stated in Plaintiff's First Amended Complaint, the answering Defendant alleges that Plaintiff has failed to allege facts sufficient to warrant an award of punitive or exemplary damages as against this answering Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     All possible affirmative defenses may not have been alleged therein, so far as sufficient facts were not available after a reasonable inquiry upon the filing of Defendant's Answer.

In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend its Answer to specifically assert the same.  Such defenses are therein incorporated by reference for the specific purpose of not waiving the same.

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by way of his First Amended Complaint;

2.     That Plaintiff's First Amended Complaint be dismissed with prejudice;

3.     That Defendant be awarded costs incurred in defending this action;

4.     That Defendant be awarded attorneys' fees incurred in defending this action; and

/ / /

/ / /

/ / /

/ / /

1    5.    Any further relief that Court deems just and proper.

2    DATED: May 12, 2016

3                                         **MURCHISON & CUMMING, LLP**

4

5                                    By _____
                                        Michael J. Nuñez, Esq.
6                                       Nevada Bar No. 10703
                                        Bryan J. Ure, Esq.
7                                       Nevada Bar No. 11004
                                        6900 Westcliff Drive, Suite 605
8                                       Las Vegas, Nevada  89145
                                        Attorneys for Defendant
9                                       ADVANTAGE SALES AND MARKETING,
                                        LLC

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

DEFENDANT ADVANTAGE SALES AND MARKETING, LLC'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

1

## PROOF OF SERVICE

2  **STATE OF NEVADA, COUNTY OF CLARK**

3      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Clark, State of Nevada.  My business address is 6900 Westcliff
4  Drive, Suite 605, Las Vegas, Nevada 89145.

5      On May 12 , 2016, I served true copies of the following document(s) described as
**DEFENDANT ADVANTAGE SALES AND MARKETING, LLC'S ANSWER TO PLAINTIFF'S**
6  **FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

7  ### SEE ATTACHED LIST

8  **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing and electronic
service the document(s) listed above to the Counsel set forth on the service list on this date
9  pursuant to Administrative order 14-2 NEFCR 9 (a), and EDCR Rule 7.26.

10      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
11  Court at whose direction the service was made.

12      Executed on May 12 , 2016, at Las Vegas, Nevada.

13

14

15               Katherine D. Wilson

16  ### SERVICE LIST

17  **Kevin Brown vs. Sam's West, et. al.**

18  Justin L. Watkins, Esq.           Attorney for Plaintiff
Atkinson Watkins & Hoffmann, LLP
19  10789 W. Twain Avenue, Suite 100
Las Vegas, NV  89135
20  Telephone: 702-562-6000
Facsimile: 702-562-6066

21

22

23

24

25

26

27

28