# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN BROWN, et al.,

    Plaintiffs,

vs.

SAM'S WEST INC., et al.,

    Defendants.

Case No. 2:15-cv-01964-LDG-CWH

**ORDER**

This matter is before the court on defendant Sam's West, Inc.'s ("Sam's West") Motion to Exclude Plaintiffs' Evidence and Damages Related to Plaintiff Jennifer Brown's Claim of Loss of Consortium Pursuant to FRCP 37 (ECF No. 82), filed on November 14, 2017. Defendant Advantage Sales and Marketing, LLC ("Advantage") filed a joinder (ECF No. 83) on November 15, 2017. Plaintiffs Kevin Brown and Jennifer Brown filed a response (ECF No. 86) on November 29, 2017. Sam's West filed a reply (ECF No. 88) on December 6, 2017. The court held a hearing on the motion on February 8, 2018. (Mins. of Proceedings (ECF No. 92).)

At the hearing, the court found that plaintiff Jennifer Brown failed to provide initial disclosures as required under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. The court further found that the failure was not substantially justified, but that it resulted in only limited harm to defendants. Specifically, the court found that defendants were harmed only to the extent that (1) they did not have sufficient information to evaluate whether to disclose expert witnesses regarding Jennifer Brown's loss of consortium claim, and (2) at Jennifer Brown's deposition, she was questioned regarding loss of consortium in her capacity as a witness, not a party. Thus, the court granted in part and denied in part the motion, and imposed the following sanctions against Jennifer Brown under Rule 37(c)(1):

///

- Jennifer Brown's damages for her loss of consortium claim are limited to general damages. She may not present evidence regarding special damages, if any.
- Jennifer Brown may testify regarding her loss of consortium claim, but she must not use any other witnesses or documents to supply evidence in support of her loss of consortium claim.
- Jennifer Brown may testify as a witness in support of Kevin Brown's claims. To the extent defendants seek to exclude Jennifer Brown's testimony on Kevin Brown's loss of household services claim, defendants must file an appropriate motion in limine, after participating in the meet-and-confer process under Local Rule 16-3.
- Defendants may re-depose Jennifer Brown at plaintiffs' expense. Given that defendants previously have deposed Jennifer Brown, this deposition must not exceed two hours and defendants' examination must focus on Jennifer Brown's loss of consortium claim, except as necessary to establish foundational matters.
- Defendants may disclose expert witnesses on Jennifer Brown's loss of consortium claim. Jennifer Brown may not disclose an expert witness in support of her loss of consortium claim, but she may disclose rebuttal expert witnesses.

Additionally, the court set the following schedule for completing discovery:
- March 9, 2018: deadline to depose Jennifer Brown;
- April 6, 2018: defendants' deadline to disclose expert witnesses;
- May 4, 2018: Jennifer Brown's deadline to disclose rebuttal expert witnesses;
- Within 21 days of the district judge's decision on the pending dispositive motions (ECF Nos. 41, 51, 52), the parties must meet and confer and file a proposed scheduling order for any remaining case-related deadlines.

IT IS SO ORDERED.

DATED: February 9, 2018

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**