UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN BROWN, et al.,

    Plaintiffs,

v.

SAM'S WEST, INC., et al.,

    Defendants.

Case No. 2:15-cv-01964-LDG (CWH)

**ORDER**

On May 15, 2015, plaintiff Kevin Brown slipped and fell while in a store owned by defendant Sam's West, Inc. He brought the instant suit against Sam's West alleging a claim for negligence. Brown subsequently amended his complaint to add Advantage Sales and Marketing, LLC as a defendant. On the date of his fall, Advantage Sales was operating a demonstration cart, about 25 feet from the place where Brown fell, handing out food samples. Brown then amended his complaint to add his wife as a plaintiff, alleging a claim for loss of consortium.

Advantage Sales moves for summary judgment (ECF No. 51), arguing that it did not owe a duty of care to Brown, as it did not occupy that portion of Sam's West's store where

the incident occurred. The Browns oppose the motion (ECF No. 66).[1] Having read and considered the pleadings, papers, and admissible evidence, the Court will grant summary judgment in favor of Advantage Sales.[2]

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

---

[1] Sam's West has also filed a "limited opposition" to the motion (ECF No. 68), despite acknowledging Sam's West has not asserted a cross-claim against Advantage Sales, and thus the motion is directed solely at Browns' claims.

[2] Advantange Sales has also moved to dismiss the Second Amended Complaint (ECF No. 41), arguing that it has been prejudiced by the significant delay (more than 200 days) between the Court's Order granting Brown leave to file the Second Amended Complaint and the filing and service of that complaint. The Court will deny the motion as moot.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.*, at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'"

*Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed. R. Civ. Pro. 56(e)).

Background

For purposes of this motion only, the Court construes the evidence as establishing the following factual background. Prior to May 15, 2015, Sam's West and Advantage Sales entered into a contract pursuant to which employees of Advantage Sales would operate demonstration carts handing out food samples on the sales floor of Sam's West's store. Stated generally, an employee of Advantage Sales would prepare a demonstration cart in the back of Sam's West's store, then move the cart to a designated location on the sales floor where the employee would provide food samples to Sam's West's patrons. Whenever an Advantage Sales' employee took a break, the employee would remove the cart from the sales floor and take it into the back of the store. Pursuant to the agreement, Advantage Sales was required to have its employees "maintain the immediate areas surrounding the Promotional Event [that is, the designated location of the demonstration cart] in a radius no greater than 10 feet around the Promotional Event, in a neat and clean condition."

On May 15, 2015, an Advantage Sales' employee was handing out samples of waffles and fruit from the demonstration cart at the end of an aisle. Brown entered the aisle at the end opposite of the demonstration cart's location. As he walked toward the location of the demonstration he slipped on what appeared to be, and the Court assumes was, a piece of banana and fell.[3] Brown's wife indicated that he was between two bins

---

[3] Brown's wife looked at the item on which Brown slipped and, based upon its appearance, presumed it to be a piece of banana. Dan Clardy, a Sam's West employee, also presumed the item to be banana based upon its appearance. He also cleaned the item off of the floor and disposed of it, precluding any further examination of the item.

4

located in the middle of the aisle, When he fell, he was walking toward the demonstration cart, which was about 25 to 30 feet in front of him and to the right.[4]

The record lacks any evidence that the piece of banana on which Brown slipped could be observed from the location of the demonstration cart.[5]

---

[4] The evidence before the Court identifies three individuals with personal knowledge of the location at which Brown fell and the location of the demonstration cart: Brown, his wife, and Clardy, the Sam's West employee.
Brown testified the cart was about 25 to 30 feet in front of him when he fell.
In her testimony, Brown's wife estimated that she was about ten feet from the cart and about 15 feet from her husband.
Clardy testified that the cart was *not* in the aisle at the time of the fall, but had been located at the end of the aisle earlier in the day. Clardy did not see Brown fall. Rather, he saw Brown sitting on the step in front of the freezer. When Clardy attended to Brown, Brown pointed to the location where he fell. Clardy then went to that location and observed (and cleaned up) the piece of banana. Clardy did not testify as to the distance between where the cart had been located and the location of the banana slice that he cleaned up. To the extent a distance between the cart and the banana slice can be inferred from his testimony, such inference is consistent with the Browns' testimony that the distance was about 25 to 30 feet.
Sam's West has suggested that the distance between the cart and the fall might have been as close as 10 feet, relying on the testimony of one of its assistant managers. Sam's West has not shown, however, that its assistant manager had personal knowledge of the location of the fall. Rather, her testimony indicates she lacked personal knowledge as to where Brown fell.
Accordingly, construing the Browns' testimony most favorably to them, the distance between the cart and the location of the fall was about 25 to 30 feet.

[5] The Browns argue that the Advantage Sales employee could have seen the banana on the floor by checking the aisle behind her cart "given that Mr. Clardy was standing in the produce section near the bananas, which was beyond the location where the [Advantage Sales'] demo cart was stationed." The Browns' argument draws an inappropriate inference from Clardy's testimony. Clardy did not testify or suggest that he could see the banana on which Brown slipped when he was standing in the produce section. Rather, Clardy testified that, when he went to Brown, Brown pointed out the location where he fell. Clardy further testified that when he went to that location, he saw the piece of banana on the floor, and that it appeared to have been stepped on and had slid over the floor. Absent from Clardy's testimony is any evidence permitting an inference that the slice of banana could have been observed from the location of the demonstration cart. Rather, and at most, Clardy's testimony establishes only that he could see the piece of banana on the floor when he went to the location where Brown indicated he had fallen.

5

Analysis

Generally, to maintain a negligence claim in Nevada, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages. *See Scialabba v. Brandise Construction Co.*, 112 Nev. 965, 921 P.2d 928 (1996). In his complaint, Brown alleges that the "[d]efendants had a duty to maintain said premises in a reasonably safe and suitable condition for its patrons, guests, invitees and others; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions on or around said premises." Second Amended Complaint, ¶10. In their opposition, the Browns reiterate their theory of liability against Advantage Sales: "With regard to slip and falls specifically, a landowner or possessor of land must exercise ordinary care and prudence to render the premises reasonably safe." Browns' Opposition, p. 8, ll. 2-4.

The Nevada Supreme Court has summarized premises liability, setting forth the duty of care owed by an owner or occupier of property.

> The owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies. An accident occurring on the premises does not of itself establish negligence. Yet, a business owes its patrons a duty to keep the premises in a reasonably safe condition for use. Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care. Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it.

*Sprague v. Lucky Stores, Inc.*, 109 Nev. 247, 250, 849 P.2d 320, 322–23 (1993) (citations omitted).

Advantage Sales argues that (a) the Browns cannot establish, as a matter of law, that it was the "occupant" of Sam's West's store at the location where Brown slipped and

6

fell.[6] As such, it did not have a duty to maintain, in a reasonably safe condition, that area of the Sam's West store where Brown fell. They further argue the Browns cannot offer any evidence that its employee otherwise acted in a negligent manner in operating the demonstration cart.

The Browns argue that an issue of fact exists whether the Advantage Sales' demonstration cart was on the Sam's West sales floor at the time of Brown's fall, because they each testified that the cart was present when he fell and Clardy testified that the cart was not present. While the Browns have identified an issue of fact, it is not an issue of a fact material to Advantage Sales' motion. Whether the Advantage Sales' employee was handing out food samples at the time Brown fell is irrelevant to its argument that, if the cart was on the sales floor, it did not occupy the location in Sam's West where Brown fell. Similarly, whether the Advantage Sales' employee was handing out food samples is irrelevant to Advantage Sales' argument that the Browns cannot offer any evidence that, when she was handing out the food samples, she did so in a negligent manner.

The Browns counter that "there is no evidence [Advantage Sales] provided a trashcan next to its demo cart, as required. Without a trashcan, it is reasonably foreseeable that the product being sampled, as well as napkins and utensils, would end up on the floor, thereby creating a hazardous condition." Similarly, while conceding that Advantage Sales' supervisor was present at the Sam's West store, they argue that there is no evidence that he supervised the promotional event or conducted any compliance visits. Both arguments misplace the burden of proof. Because the Browns have the burden of proof at trial, Advantage Sales can meet, and has met, its initial burden on summary judgment by pointing out that the Browns cannot offer evidence to support their claim that Advantage Sales' employees acted negligently. The burden then shifts to the Browns to

---

[6] The Browns have not disputed that Advantage Sales cannot be held liable as the owner of the property where Brown slipped and fell.

7

offer evidence that the employees acted negligently. The Browns cannot meet this burden by asserting Advantage Sales has not offered evidence that its employees did not act negligently. Rather, to overcome Advantage Sales' motion, the Browns must offer some evidence permitting an inference that Advantage Sales' employees acted negligently in presenting the food samples to Sam's West's patrons. They have not done so. The record lacks any evidence that a trashcan was not present at the demonstration cart. The record lacks any evidence that the supervisor did not supervise the promotional event and ensure compliance.

The Browns further argue that genuine issues of material fact remain "whether [Advantage Sales] and its employees failed to act with reasonable care in: a) maintaining the areas around the demo cart and inspecting and cleaning the surrounding areas after a presentation, and b) supervising its employees during/after a presentation to ensure that their job duties are adequately performed." These issues of fact, however, are material to the Browns' claims only if Brown slipped and fell on the property that Advantage Sales occupied.

Noting that Nevada law is lacking on the issue, and citing California decisions, Advantage Sales argues that "without the crucial element of control over the premises, no duty to exercise reasonable care to prevent injury on such property can be found." Advantage Sales' Memorandum, citing *Alcarez v. Vece*, 14 Cal. 4th 1149, 1187, 60 Cal. Rptr. 448, 929 P.2d 1239 (1997). The Browns counter that "it is well established in Nevada that an owner or occupier of land is held to the general duty of reasonable care when another is injured on that land," citing *Moody v. Many's Auto Repair*, 110 Nev. 302, 333, 871 P.2d 935, 943 (1994), superseded by statute on other grounds as stated in *Wiley v. Redd*, 110 Nev. 1310, 1314, 885 P.2d 592, 595 (1994). The Browns' argument fails, however, because Advantage Sales does not dispute that an occupier of land is held to a

duty of reasonable care when another is injured on the land. Rather, Advantage Sales disputes that it was the occupier of the land on which Brown was injured.

The Court agrees with the Browns that this case is unique. The Court further agrees with the Browns that Advantage Sales did not occupy the entire Sam's West store. The Court, however, disagrees with the Browns' broad proposition that Advantage Sales had a duty to maintain, in a reasonably safe condition, the area surrounding the demonstration cart. A person's duty to maintain property in a safe condition does not rest upon that person's proximity to the property, but rather rests upon whether the person occupies (or owns) the property. While the authority cited by Advantage Sales is not binding on this Court, it is persuasive in suggesting that a person's ability to exercise control over property requires a showing that they could exercise control over the property. Conversely, in this case, the Browns define the proximity surrounding the demonstration cart to include "the immediate aisle in which it is located." Clardy's testimony, however, indicates that aisles in the Sam's West store can extend for a significant distance. He estimated that the aisle in which Brown fell was, itself, 40 or 50 yards long. His deposition testimony also suggests that Advantage Sales' demonstration cart was not merely located at the end of the aisle, but at the junction of several aisles. Pursuant to the Browns' argument that Advantage Sales' duty is established by proximity to an aisle, Advantage Sales' duty to keep the Sam's West sales store reasonably safe extended to a distance of 40 or 50 yards in every direction from the location of its cart. Any such determination would be made without any consideration of the extent to which Advantage Sales actually occupied the aisles; that is, whether it could exercise any control over the extended reaches of those aisles. Accordingly, an entity's mere proximity to property does not establish occupation of that property.

The Browns suggest that Advantage Sales' "mode of operation" establishes that it was "an occupier of Sam's premises." In support, the Browns note that Advantage Sales is

based out of Sam's West's store, its employees reported for work at Sam's West's store, and that it lacked its own office in which its employees could perform their duties. Further, the agreements between Advantage Sales and Sam's West and other material encouraged the employees of both entities to interact as a cohesive team. In addition, the Master Service Agreement required Advantage Sales to maintain its own liability insurance policy. As acknowledged by the Browns, however, Advantage Sales did not occupy the entirety of Sam's West's store. Rather, these "mode of operation" circumstances establish only that Advantage Sales occupied some areas of Sam's West's premises.[7] The "mode of operation" would further suggest, at a minimum, that Advantage Sales occupied that area of the sales floor occupied by its demonstration cart. The occupied area would also include the area of the sales floor necessary for the Advantage Sales' employee to perform her or his work in connection with the cart. And, despite the lack of evidence, the Court would presume the "mode of operation" would include the area of the sales floor where Sam's West's patrons would stand as they received samples, even though that same area would also be used by Sam's West's patrons who merely walked by the cart without taking a sample. Thus, considered strictly, the "mode of operation" circumstances would suggest that the area of Sam's West's sales floor that Advantage Sales occupied was limited to the area occupied by the demonstration cart, the area behind that cart used by Advantage Sales' employees while preparing and handing out food samples, and the area in front of the cart in which Sam's West's patrons would be expected to stand while obtaining food samples.

---

[7] These mode of operation circumstances would further indicate that Advantage Sales' occupation of some areas of Sam's West, such as the location of the demonstration cart on the sales floor, was intermittent. For purposes of this motion, the Court has assumed that Advantage Sales was, at the time of Brown's fall, occupying the location of the demonstration cart according to the testimony of the Browns and Clardy.

10

Advantage Sales argues that, pursuant to the terms of its agreement with Sam's West, the area it occupied extended to, but was limited to, a radius of ten feet from the demonstration cart. Pursuant to the agreement, Advantage Sales had an obligation to Sam's West to keep the area within this ten-foot radius neat and clean. The Browns argue that Advantage Sales confuses its contractual duty to Sam's West with its legal duty to the general public. Initially, the Court would note that the extent of an entity's or person's legal duty to maintain property in a safe condition is often established by contractual duties between the entity or person and a third party. A person's agreement to lease a premises from a landowner would establish the boundaries of the property occupied and controlled by that person for the term of the lease. In this matter, the agreement between Sam's West and Advantage Sales is relevant because it establishes that Advantage Sales not only could, but was required to, exercise some degree of control over the property of Sam's West to a distance of ten feet from the demonstration cart.

The Court disagrees with Advantage Sales that the agreement to maintain the ten-foot radius in a neat condition defined the outer limit of the Sam's West's sales floor that it occupied while the demonstration cart was on the sales floor, beyond which it did not exercise any control of the sales floor. Rather, the agreement establishes the minimum area of the sales floor that Advantage Sales occupied while the demonstration cart was on the sales floor. The Browns, however, have not offered any evidence permitting an inference, or raising an issue of fact, that on May 15, 2015, Advantage Sales exercised any control of the Sam's West's sales floor beyond the ten-foot radius from the demonstration cart.

The Brown's extensive reliance on *Sprague v. Lucky Stores, Inc.*, 109 Nev. 249, 849 P.2d 320 (1993) is misplaced because that matter did not involve a question whether the defendant owned or occupied the property at issue. Rather, at issue was whether the defendant, as the owner or occupier of the property, had breached its duty to the plaintiff.

By contrast, the issue raised in the instant matter is whether Advantage Sales occupied, that is, exercised some degree of control over, the location of Sam's West's store where Brown fell. Having carefully reviewed the record, the Court finds that the Browns have not offered any evidence that Advantage Sales exercised any control over the location in the Sam's West store where Brown slipped and fell.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Advantage Sales and Marketing, LLC's Motion for Summary Judgment (ECF No. 51) is GRANTED;

THE COURT FURTHER **ORDERS** that Advantage Sales and Marketing, LLC's Motion to Dismiss (ECF No. 41) is DENIED as moot.

DATED this 12 day of March, 2018.

Lloyd D. George
United States District Judge

12